Hon. Nicholas A. Sordi, Jr. City Attorney, Glen Cove
This is in response to your letters concerning the following matter.
You wish to know whether, under the Glen Cove City Charter, the commissioner of public safety of the City of Glen Cove is entitled, on his own, to appoint a new chief of police, after the position was left vacant by the resignation of the former chief, or if the commissioner must recommend a prospective appointee to the city council for approval or ratification.
Section 5-1 of the Glen Cove City Charter provides, in relevant part:
 "The number of the members of the police force and the salaries shall be determined by the council. * * * The commissioner of public safety shall appoint the members of the force and designate their grades and duties."
Your question involves the relationship between section 5-1 and section 2-19 of the Glen Cove City Charter, which provides, in relevant part:
 "Each Commissioner shall be entitled to appoint one deputy commissioner who shall possess the power to act generally for and in place of such Commissioner * * *. The appointment of such deputy * * * and the appointment of such other deputies, employees and laborers, and their compensation and Bonds, as necessary, shall be made by each Commissioner and shall be subject to confirmation or ratification by the City Council * * *." (Emphasis supplied.)
The Glen Cove City Charter was created by chapter 787 of the Laws of 1917, and although amended and recodified, remains substantially the same today. The supplemental letter you submitted (at our request) from the city clerk, who searched the City Council Minutes from January 1, 1918 to the present and performed collateral research, shows that appointments within the police department were traditionally made subject to council approval. A few exceptions to council confirmation were made in the 1970s, apparently when a prior corporation counsel opined that confirmation was unnecessary.
It is our opinion, however, that although section 5-1 of the Glen Cove City Charter gives the commissioner of public safety the power to appoint a police chief, this appointment is subject to confirmation, pursuant to section 2-19 of the charter. Our conclusion is based both on the language of the charter and its historical construction.
Section 2-19 sets forth a clear design to require confirmation of appointments of city personnel. The only exception contained therein relates to appointments to positions in the exempt class in the civil service. Section 5-1 merely provides that members of the police force will be selected by the commissioner of public safety, as opposed to someone else; it does not exempt the appointments from the comprehensive requirement of ratification. Since no exception was stated, it would be improper to presume that one was intended (McKinney's Statutes, § 74). In this way, the two sections of the charter may be read literally and harmonized with each other. There is no incompatibility between them.
Moreover, in ascertaining the legislative intent, a statute speaks as of the time it took effect, and the practical construction placed on it by contemporaries and which has received general acquiescence for a long period of time will be given considerable weight in its interpretation (McKinney's Statutes, §§ 93, 94). The fact that appointments to police department positions were traditionally made subject to council ratification, and that the few exceptions occurred in the recent past, persuades us that it was the legislative intent to require confirmation. If a change is desired, it should be accomplished by amending the charter.
The questions you asked in your second letter pertain to matters of finance. The Attorney General traditionally defers to the Comptroller on such matters, since they are a function of the Department of Audit and Control. Pursuant to a telephone conversation you had with Mr. Brewer of this office, we are forwarding a copy of this opinion, together with copies of your letters to the Comptroller for his consideration.